UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••

**Leslie Becker,**

        **Plaintiff,**

      **-v-**           **1:09-CV-392**
                     **(NAM/DRH)**

**Hon. David A. Paterson,**

        **Defendant.**

••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

Leslie Becker, 00-A-5230
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831
Plaintiff, *pro se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Richard Lombardo, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

  Defendant, Hon. David A. Paterson, Governor of the State of New York, moves (Dkt. No. 18) to dismiss this *pro se* action under 42 U.S.C. § 1983 ("section 1983") for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In his *pro se* complaint, plaintiff Leslie Becker ("Becker"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), seeks a declaration that N.Y. Correction Law §601-d ("section 601-d") is unconstitutional, an order enjoining New York State from imposing increased sentences under section 601-d, and a

declaration that the portion of his sentence imposed under that section is null and void. In moving for dismissal, defendant argues, *inter alia*, that Becker's claim is not cognizable under section 1983 and that section 601-d is not unconstitutional. As explained below, the Court grants the motion and dismisses the complaint.

## BACKGROUND

On September 26, 2000, Becker was sentenced to a determinate term of 15 years based on his conviction after a non-jury trial for attempted rape in the first degree and other charges stemming from his conduct on December 1, 1999.[1] The sentence did not expressly impose a period of post-release supervision ("PRS"), although New York law since 1998 mandated PRS for all inmates serving determinate terms. *See* N.Y. Penal Law § 70.45(1).[2] In 2007, DOCS administratively added five years of PRS to Becker's sentence.[3]

When DOCS added PRS to Becker's sentence in 2007, the Second Circuit had already disapproved the practice. *See Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006). The *Earley* court held: "The only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect." *Id.* at 75.

---

[1] The Third Department affirmed the conviction and sentence, and the Court of Appeals denied leave to appeal. *People v. Becker*, 734 N.Y.S.2d 258 (3d Dept. 2001), *leave denied* 97 N.Y.2d 751 (2002).

[2] As first enacted, section 70.45(1) provided in part: "Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision." (L 1998, ch 1, § 15, eff. Aug. 6, 1998). It was amended in 2008 to state instead: "When a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to this article." (L 2008, ch 141, § 3).

[3] The administrative addition of PRS to an inmate's determinate sentence was a common practice at the time. The practice was based on the view that, under section 70.45(1) as it read prior to the 2008 amendment, each determinate sentence necessarily included a mandated term of PRS regardless of whether the sentencing court articulated the PRS component when pronouncing the sentence. *See, e.g., People v. Lingle*, 825 N.Y.S.2d 12, 14 (1st Dep't 2006), *modified by remitting for resentencing and, as modified, aff'd by People v. Sparber*, 10 N.Y.3d 457 (2008).

Accordingly, the addition of PRS to the *Earley* defendant's sentence by DOCS was "contrary to clearly established federal law as determined by the United States Supreme Court." *Id.* at 76.

Becker filed a grievance challenging the administrative addition of PRS to his sentence. The grievance was denied. He then filed a CPLR Article 78 petition. On January 28, 2008, Supreme Court, Saratoga County, granted the petition and prohibited DOCS from imposing any period of PRS which had not been included by the sentencing court as part of the sentence.

In April 2008, New York's Court of Appeals ruled that only a sentencing judge has the authority to impose PRS. *See Matter of Garner v. New York State Dept. of Corr. Servs.*, 10 N.Y.3d 358, 360 (2008) (holding that "only a judge may impose a PRS sentence" and that therefore "DOCS may not do so") and *People v. Sparber*, 10 N.Y.3d 457, 471-72 (2008) (holding that the appropriate remedy was usually a re-sentencing proceeding that could provide for the proper inclusion of PRS). *Garner* and *Sparber* were decided on state law grounds; New York's high court did not reach constitutional issues or the federal law issues raised in *Earley*. *See Garner*, 10 N.Y.3d at 363; *Sparber*, 10 N.Y.3d at 471, n.5.

On May 15, 2008, Becker filed a C.P.L. 440.20 motion to have his sentence set aside as illegal because it did not include PRS as required by Penal Law § 70.45(1). He sought re-sentencing to a determinate term that included the mandatory term of PRS and did not exceed 15 years in total. In response, the State conceded that Becker's sentence was illegal as a matter of law, consented to set it aside, and requested that the court re-sentence him to a determinate term of 15 years to be followed by five years of PRS.

On December 19, 2008, Schenectady County Court Judge Richard C. Giardino

-3-

re-sentenced Becker to a determinate term of 15 years followed by five years of PRS.[4] Judge Giardino cited the recently-enacted section 601-d of New York Correction Law (L 2008, c 141, § 5, eff. June 30, 2008), which provides procedures for the re-sentencing of defendants whose initial commitment orders did not specify a period of PRS.

Becker then commenced the instant action, asserting that section §601-d is unconstitutional. He contends that it is an unconstitutional *ex post facto* law and that it subjects him to a second punishment in violation of the double jeopardy clause. The complaint's "Wherefore" clause asks the Court to:

> A) Grant the declaratory judgment decreeing the post release supervision portion of his sentence is null and void and of no force or effect;
>
> B) declare that New York Corrections Law § 601-d is unconstitutional; [and]
>
> C) order the New York State [D]epartment of Corrections to cease and desist from seeking to impose sentencing enhancements pursuant to Corrections Law § 601-(d), and [grant] such other relief [as] this Court deems just and proper.

As explained below, the Court grants defendant's motion and dismisses the complaint.

## DISCUSSION

Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI Commc'n, Inc.*

---

[4] At the hearing, Judge Giardino noted that, prior to trial, Becker had been informed that if convicted at trial he could receive a maximum sentence of 25 years on the highest charge.

-4-

*v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations."  *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).  The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Defendant contends that the complaint must be dismissed because the requested relief is unavailable under section 1983.  The proper procedure, defendant argues, is a petition for *habeas corpus*.  Becker responds that section 1983 – not a petition for *habeas corpus* – is the correct procedure because the relief he seeks is not immediate release or a reduced sentence, but rather a declaration that section 601-d is unconstitutional and an injunction prohibiting New York State from re-sentencing inmates to increased sentences under that section.

In *Wilkinson v. Dotson*, the Supreme Court addressed the relationship between section 1983 and federal *habeas corpus* law.  544 U.S. 74 (2005).  In analyzing its jurisprudence –  from *Prieser v. Rodriguez*, 411 U.S. 475 (1973), and *Wolff v. McDonnell*, 418 U.S. 539 (1974), to *Edwards v. Balisok*, 520 U.S. 641 (1997) – the *Wilkinson* court stated:

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only *habeas corpus* (or similar state) remedies when they seek to invalidate the duration of their confinement – either **directly** through an injunction compelling speedier release or **indirectly** through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks – not where it simply "relates to" – "core" habeas corpus relief, *i.e.*, where a state prisoner requests present or future release.... *Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action **would not necessarily** spell immediate or speedier release for the prisoner.
>
> ... And *Balisok*, like *Wolff*, demonstrates that *habeas* remedies do not

-5-

> displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement. These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. at 81-82 (emphasis in original).  Thus, if the inmate's success in his action would necessarily result in immediate or speedier release, the sole procedure available is a *habeas corpus* proceeding; if not, section 1983 remains available.

In view of his *pro se* status, the Court reads Becker's complaint liberally.  To the extent that it seeks "declaratory judgment decreeing the post release supervision portion of his sentence is null and void and of no force or effect," the complaint may be read as challenging the duration of his confinement and seeking a shorter period of detention.  To this extent, the complaint is dismissed without prejudice on the ground that *habeas corpus* is his sole federal remedy.  *See Prieser*, 411 U.S. at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*.").  It is not, however, entirely clear that success in obtaining the relief requested in the complaint would "necessarily spell [Becker's] immediate or speedier release," *Wilkinson*, 544 U.S. at 81; to the extent that it would not, his claims are cognizable under section 1983.  Such claims, however, lack merit as a matter of law.

First, there is no merit to Becker's claim that section 601-d authorizes an unconstitutional *ex post facto* increase in his punishment.  *See* U.S. Const. art. I, § 10, cl. 1 (prohibiting states from passing any *ex post facto* law).  As stated by the Supreme Court, "to fall within the *ex post facto*

prohibition, two critical elements must be present: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" *Miller v. Florida*, 482 U.S. 423, 430 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). As applicable here, the *ex post facto* clause prohibits "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *United States v. Kilkenny*, 493 F.3d 122, 126 (2d Cir. 2007) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798)). Section 70.45(1), which mandates an additional period of PRS for all inmates serving determinate sentences, was already in effect when Becker committed the crime on December 1, 1999. Section 601-d, enacted after Becker's sentencing, merely provides a mechanism for the judicial correction of sentences that, as in Becker's case, were illegal because they did not expressly include the PRS mandated by section 70.45(1). Section 601-d does not, in itself, increase Becker's punishment, and thus does not operate retrospectively to his disadvantage.

The Court also rejects Becker's argument that re-sentencing under section 601-d subjects him to double jeopardy in violation of the Fifth Amendment. As the Second Circuit observed in *Earley*, "a sentencing court may increase a defendant's sentence when it has omitted a mandatory component of that sentence without running afoul of the Double Jeopardy Clause." 451 F.3d at 76 (citing *Bozza v. United States*, 330 U.S. 160, 166-67 (1974)). Becker's sentence, which did not expressly provide for PRS, was illegal when pronounced. *See Sparber*, 10 N.Y.3d at 471-72. In re-sentencing Becker to a proper sentence, the state court "'only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender.'" *Bozza*, 330 U.S. at 167 (quoting *In re Bonner*, 151 U.S. 242, 260 (1894)); *accord*

*Shanks v. Greiner*, 2001 WL 1568815, *5 (S.D.N.Y. Dec. 10, 2001). The re-sentencing here did not twice put Becker in jeopardy for the same offense; rather, it "impose[d] a valid punishment for [his] offense instead of an invalid punishment for that offense." *Bozza*, 330 U.S. at 167. Section 601-d, in providing a procedure for substituting valid sentences for invalid ones, does not offend the double jeopardy clause.

Construed to raise the strongest arguments that they suggest, the allegations of the complaint state no *ex post facto* or double jeopardy violation under the United States Constitution, nor is there any support for a due process or other federal claim. The Court has considered the other issues raised herein and finds no basis upon which relief could be granted.

The Court need not address the question of whether the Governor or some other State official is the proper defendant; in view of the Court's holding, allowing Becker to amend the complaint to add a proper defendant would be futile.

## CONCLUSION

It is therefore

ORDERED that defendant's motion (Dkt. No. 18) to dismiss the complaint is granted and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

March 23, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge