UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Leslie Becker,**

                                   **Plaintiff,**

                          -v-                                  **1:09-CV-392**
                                                                **(NAM/DRH)**

**Hon. David A. Paterson,**

                                 **Defendant.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Leslie Becker
00-A-5230
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831
Plaintiff, *pro se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Richard Lombardo, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendant

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On March 25, 2010, judgment was entered (Dkt. No. 33) dismissing plaintiff's *pro se* 42 U.S.C. § 1983 complaint. Presently before the Court are plaintiff's motions for reconsideration (Dkt. No. 34) and conversion of the complaint to a *habeas corpus* petition (Dkt. No. 38).

Reconsideration is denied. Plaintiff fails to demonstrate any intervening change in controlling law, previously unavailable evidence, clear error of law, manifest injustice, or other basis for reconsideration. *See Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)**.**

The Court denies plaintiff's request to convert his section 1983 complaint to a *habeas corpus* petition under 28 U.S.C. § 2254. Plaintiff has not exhausted his state court remedies; as of this date, the New York Court of Appeals has not resolved plaintiff's application for leave to appeal from the Third Department's affirmance of his re-sentencing. *See People v. Becker*, 899 N.Y.S.2d 408 (3d Dept. 2010). Moreover, the defendant here, Governor Patterson, is not the proper respondent in a *habeas corpus* proceeding; the proper respondent is the prisoner's custodian, typically the warden of the prison in which the prisoner resides. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The Court notes also that granting the conversion motion would not expedite this matter because the Court would have to give plaintiff an opportunity to withdraw or amend the pleading after notifying him that section 2244(b)(2) would likely preclude federal review of claims not raised therein.[1] *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 281 (2d Cir. 2003). Finally, because he was granted *in forma pauperis* status, plaintiff has not paid the filing fee and thus will not suffer monetary loss by having to commence a new proceeding. Accordingly, once he has exhausted his state court remedies, plaintiff may, if he so desires, commence a section 2254 *habeas corpus* proceeding against his custodian. Plaintiff is

---

[1] 28 U.S.C. § 2244(b)(2) reads:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

advised that once he brings a section 2254 proceeding, any subsequent section 2254 petition will be subject to the restrictions on "second" or "successive" petitions set forth in 28 U.S.C. § 2244(b). *See Cook*, 321 F.3d at 281.

It is therefore

ORDERED that plaintiff's motion for reconsideration (Dkt. No. 34) is denied; and it is further

ORDERED that plaintiff's motion to convert his complaint to a *habeas corpus* petition (Dkt. No. 38) is denied.

IT IS SO ORDERED.

Date: June 10, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge